UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| BOBBIE JO SOWARDS, ) | |
| ) | |
| Plaintiff, ) | Civil No. 6:18-cv-00154-GFVT |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| NANCY BERRYHILL, Acting ) | **&** |
| Commissioner of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Bobbie Jo Sowards seeks judicial review of an administrative decision of the Commissioner of Social Security, which denied her claim for supplemental security income. Ms. Sowards brings this action pursuant to 42 U.S.C. § 405(g), alleging various errors on the part of the ALJ considering the matter. The Court, having reviewed the record and for the reasons set forth herein, will **DENY** Ms. Sowards Motion for Summary Judgment and **GRANT** the Commissioner's.

**I**

**A**

Plaintiff Bobbie Jo Sowards initially filed an application for Title II disability insurance benefits on May 18, 2015, alleging disability beginning July 1, 2012. [Transcript (hereinafter, "Tr.") 11.] That claim was denied first in 2015 and denied again upon reconsideration in 2016. *Id*. At a hearing on May 11, 2017, Ms. Sowards amended her alleged onset date of disability to May 18, 2015. *Id*. Administrative Law Judge (ALJ) Susan Brock denied this amended request

on August 23, 2017. *Id*. at 8. The Appeals Council denied Ms. Soward's request for review on April 16, 2018, making the August 23 ALJ decision final. *Id*. at 1; 20 C.F.R. § 422.210(a).

To evaluate a claim of disability for Title II disability insurance benefit claims, an ALJ conducts a five-step analysis. *Compare* 20 C.F.R. § 404.1520 (disability insurance benefit claim) *with* 20 C.F.R. § 416.920 (claims for supplemental security income).[1] First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, he does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled." C.F.R. § 404.1530(d). Before moving on to the fourth step, the ALJ must use all of the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assess an individual's ability to perform certain physical and metal work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.

Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled." 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is "disabled." 20 C.F.R. § 404.1520(f).

---

[1] For purposes of a disability insurance benefits claim, a claimant must show that his impairments were disabling prior to the date on which his insured status expired. 20 C.F.R. § 404.131. Beyond this requirement, the regulations an ALJ must follow when analyzing Title II and Title XVI claims are essentially identical. Hereinafter, the Court provides primarily the citations to Part 404 of the relevant regulations, which pertain to disability insurance benefits. Parallel regulations for supplemental security income determinations may be found in Subpart I of Part 416.

Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving his lack of residual functional capacity. *Id.*; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

At step one, the ALJ found Ms. Sowards had not engaged in substantial gainful activity since the alleged onset date, May 18, 2015. Tr. at 14. At step two, the ALJ found Ms. Sowards to suffer from the following severe impairments: degenerative disc disease of the cervical spine, lumbago, chronic obstructive pulmonary disease (COPD), congestive heart failure, ischemic heart disease (status-post stent replacement), anxiety, depression, generalized osteoarthritis with a mild inflammatory component, and obesity. *Id*. At step three, the ALJ determined her combination of impairments did not meet or medically equal one of the listed impairments in C.F.R. Part 404 or Part 416. *Id*. at 15. Before moving on to step four, the ALJ considered the record and determined that Ms. Sowards possessed the following residual functioning capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that [Ms. Sowards] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), except she can only occasionally climb ramps, stairs, ladders, ropes, and scaffolding. The claimant can frequently balance and stoop, and she can occasionally kneel, crouch, and crawl. She may have frequent exposure to extreme heat and cold, vibrations, machinery, and unprotected heights. The claimant can understand and carry out both simple and complex instructions and tasks. Any workplace changes should occur only occasionally and should be gradually introduced.

*Id*. at 18. After explaining the RFC, the ALJ found at step four that Ms. Sowards had no relevant past work, as her earnings fell below the substantial gainful activity level. *Id*. at 23. However, upon considering her age, RFC, and education, the ALJ found she was capable of performing jobs existing in the national economy. *Id*. at 24. Accordingly, the ALJ determined at step five that Ms. Sowards was not disabled since May 18, 2015. *Id*. at 25. Ms. Sowards filed this action for review on May 21, 2018. [R. 1.]

**B**

The Court's review is generally limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319–20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To determine whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's

decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

**II**

Ms. Sowards presents two arguments to this Court as grounds for relief from the ALJ's unfavorable decision. Specifically, she argues (1) the ALJ's determination was not supported by substantial evidence and (2) the ALJ failed to properly evaluate her own subjective complaints of pain. [R. 15-1 at 2.] For the reasons set forth below, Ms. Sowards's arguments do not warrant reversal of the ALJ's determination.

**A**

While Ms. Sowards asserts that the ALJ decision was not supported by substantial evidence, her first argument essentially contests the weight ALJ Brock gave certain evidence. [R. 15-1 at 9–12.] The ALJ provided nearly six pages of evaluation on Ms. Sowards's medical history and explaining the various weight she gave to different providers. Tr. at 18–23. In determining the RFC, ALJ Brock evaluated records from Dr. Kirpal and Dr. James Bean, neither of whom recommended aggressive treatment, such as surgery, for Ms. Sowards's back pain or neck impairments. *Id*. at 19. ALJ Brock reviewed records from her osteoarthritis, all of which reflected "benign findings," as Ms. Sowards had exhibited a full range of motion, ambulated with normal gait, and displayed full muscular strength. *Id*. at 19–20. Records reflected that both Ms. Sowards's heart disease and COPD were under control and neither ailment required aggressive treatment or surgery. *Id*. at 20.

Instead, Ms. Sowards asks this Court to place more emphasis on findings by Dr. Leigh Ford, Dr. Kathleen Monderewicz, and APRN Chris Lewis, each of which determined Ms. Sowards's impairments were more severe than the ALJ found. [R. 15-1 at 11–12.] ALJ Brock considered each of these opinions and afforded them little weight because the opinions contradicted other records and assessments. Tr. 21–22. The Court cannot reweigh the evidence, though Ms. Sowards clearly is requesting the Court to do so. Instead, because the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

**B**

Next, Ms. Sowards argues the ALJ failed to properly consider her own subjective statements concerning her pain. [R. 15-1 at 12–15.] As Ms. Sowards concedes, an ALJ's determination of a claimant's credibility is accorded great deference. *Id*. at 12; *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). This Court is limited to evaluating whether ALJ Brock's explanations for affording Ms. Sowards's statements little weight are reasonable and supported by substantial evidence. *Jones*, 336 F.3d at 476.

Here, "After careful consideration of the evidence, [ALJ Brock] finds that the claimant's medically determinable impairments could reasonably be expected to produce the above alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 19. This is supported by the record. While Ms. Sowards claimed

6

her cervical and lumbar pain was debilitating, her CT scan and MRI was "unremarkable," and the physicians treating her pain recommended physical therapy, steroid injections, and pain medication rather than aggressive treatments such as surgery. *Id*. Though Ms. Sowards alleged severe osteoarthritis pain that prohibited her from working, her examinations showed only mild inflammation and she exhibited a full range of motion in joints of all extremities. *Id*. at 19–20. Ms. Sowards also claimed her COPD caused her to experience shortness of breath after walking a mere twenty feet. *Id*. at 20. Her physicians prescribed her with supplemental oxygen, but at subsequent visits, "the claimant did not present with supplemental oxygen, as her oxygen saturation readings, in room-temperature air, were largely normal." *Id*. ALJ Brock imposed restrictions on Ms. Sowards's RFC due to the COPD diagnosis, but did not find it to be debilitating, as Ms. Sowards could complete daily chores, shopping, and meal preparation. *Id*. Furthermore, while Ms. Sowards testified that she took naps during the day, other evidence demonstrated that she spent her days performing "light household chores," and often denied shortness of breath. *Id*. at 21.

Contrary to Ms. Sowards's assertions, her testimony and subjective statements are heavily contradicted by her medical records. ALJ Brock thoughtfully considered each of Ms. Sowards's allegations and afforded them little weight when the statements were unsubstantiated by her past treatment. The Court thus finds that ALJ Brock's determination is supported by substantial evidence and her reasons for discrediting Ms. Sowards's statements are reasonable.

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff Bobbie Jo Sowards's Motion for Summary Judgment [**R. 15**] is **DENIED**, but the

7

Commissioner's Motion for Summary Judgment [**R. 17**] is **GRANTED**. Judgment in favor of the Commissioner will be entered promptly.

This the 8th day of February, 2019.

Gregory F. Van Tatenhove
United States District Judge